## THE TRADERS' INSURANCE COMPANY

### v.

## MARCUS A. FARWELL, Collector, et al.

*Filed at Ottawa March 28, 1882.*

TAXES—*grounds for enjoining—errors and mistakes.* Courts can not convert themselves into assessors of property for purposes of taxation, and re-assess in every case where the assessor has erred in his judgment as to the value of property, even if the tax-payer has notified the assessor that the true value is less than that fixed in the assessment, and the collection of a tax will not be enjoined merely because of an erroneous judgment as to the valuation of the property, or for a mistake in deducting the proper amount of exemptions, where no fraud is shown.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding.

Messrs. SCHUYLER & FOLLANSBEE, for the appellant:

An assessment of the capital stock of a corporation made on a wrong valuation, is not uniform as to class, and is illegal. This court has repeatedly held that a bill will lie to restrain an illegal or fraudulent assessment. *Town of Lebanon* v. *Ohio and Mississippi Ry. Co.* 77 Ill. 539; *First National Bank* v. *Cook et al.* 77 id. 622; *Republic Life Ins. Co.* v. *Pollack,* 75 id. 295; *Chicago, Burlington and Quincy R. R. Co.* v. *Cole et al.* 75 id. 591.

The capital of the company invested in United States bonds was exempt from taxation. U. S. Rev. Stat. 1874, p. 736, sec. 3, 701; *Bank of Commerce* v. *New York City,* 2 Black, 620; *Bank Tax Case,* 2 Wall. 200.

If, then, the tax on the capital stock is void by virtue of the investment, the whole tax, including the tax on the franchise, is void, for a tax can not be void in part and legal in part. *Campbell et al.* v. *State,* 41 Ill. 454; *Johnson* v. *Colburn,* 36 Vt. 693; *Allen et al.* v. *Peoria R. R. Co.* 44 Ill. 85; Hilliard's Law of Taxation, 307, 313; Cooley on Taxation, 571.

Mr. FRANCIS ADAMS, and Mr. CONSIDER H. WILLETT, for the appellees:

The franchise of a corporation is property, and subject to taxation. *Porter et al.* v. *Rockford, Rock Island and St. Louis R. R. Co.* 76 Ill. 572; *State Railroad Tax Cases,* 92 U. S. 603; *Republic Life Ins. Co.* v. *Pollak,* 75 Ill. 293; *Spencer et al.* v. *People,* 68 Ill. 510; *Pacific Hotel Co.* v. *Lieb,* 83 id. 603; *Law* v. *People,* 87 id. 405; *Union Trust Co.* v. *Webber,* 96 id. 354; *Chicago, Pekin and Southwestern R. R. Co.* v. *Raymond,* 97 id. 212.

The ground for relief set up is an alleged excessive assessment. This is no ground for relief in equity. *Spencer et al.* v. *People,* 68 Ill. 510; *Republic Life Ins. Co.* v. *Pollak,* 75 id. 294; *Adsit* v. *Lieb et al.* 76 id. 198; *Porter* v. *Rockford, Rock Island and St. Louis R. R. Co.* 76 id. 595; *People* v. *Big Muddy Iron Co.* 89 id. 116; *Gage et al.* v. *Evans,* 90 id. 569; *State Railroad Tax Cases,* 92 U. S. 614.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an appeal from the decree of the circuit court of Cook county, dismissing upon demurrer the bill of appellant, seeking an injunction against the collection of a part of the tax upon its capital stock, complainant having paid part thereof, and offering to pay more, if directed by the court.

The *gist* of the complaint in the original bill was, that the board of equalization had wrongfully determined that the paid up shares of stock owned by the stockholders were worth $750,000, when in fact they were not worth over $625,000, and the board had notice that this was so. The difference in these valuations being $125,000, if the latter had been adopted, the result would have shown that the taxable portion of the capital (excluding that invested in United States bonds, as exempt,) did not exceed the equalized value of tangi-

ble property, and hence the whole tax on capital stock was wrong.

This corporation, in its return to the Auditor, stated, in substance, that its paid up stock was divided into 5000 shares, of the nominal or face amount of $100 each; that these shares had no market value, but "the *actual* value" "of the shares of stock" was "par." The bill now concedes that the actual value of each of these shares was $125. The corporation having stated the actual value inaccurately, it became the duty of the board, under its rules, to determine what was the true value thereof. It did exercise its judgment, and determined that each such share was worth $150. The bill seeks to have this finding set aside, upon the allegation that in fact the actual value of each was but $125, and the further allegation that the board was notified that this was so, before and at the time of this determination. There is no charge that the board knew and believed that the valuation was wrong. The charge is merely that the valuation was erroneous, and that notice to that effect was given to the board. Courts can not convert themselves into assessors, and re-assess in every case where the assessor has erred in his judgment as to the value, even if the tax-payer has notified the assessor that the true value is less than the value fixed in the assessment.

By an amendment to the bill it is charged that that part of the capital of this company which was invested in United States bonds, was in fact worth $535,000. This being exempt from State taxation, that entire amount should have been deducted in finding the value of the part of the capital subject to tax, and the bill shows that only $500,000 was so deducted. The court is asked to correct this mistake. The appellant, in its return to the Auditor, states: "The amount of capital stock paid up, all of which was on May 1, 1880, and now is *invested* in bonds of the United States, not subject to taxation, is $500,000." The bill now says this capital

was and is in bonds of the United States, which were and are worth their face and a premium of seven per cent, and says also that the board was notified of this at the time of the assessment. The return does not state the amount of bonds, on their face, held by the company. It says $500,-000 was invested in United States bonds. If it be true that the cash capital was $500,000, and that this was invested in bonds of the United States when the same were at a premium of seven per cent, it follows that on their face the bonds held by this corporation amounted to but little over $467,289, instead of $500,000.

Nor can we infer, even if this were otherwise, that the board of equalization (after finding the actual value of the shares, in their judgment, to be $750,000, when the company had reported their actual value to be par, or $500,000, which is now conceded to have been $625,000,) are to be charged with fraud if they failed to listen to and believe the corporation when it claimed and gave notice that the value of its United States bonds was in fact $535,000, although by its own report it had said they were worth but $500,000, and this, too, when no statement of the size or number of the bonds so held was given to the board, and no proof offered upon the subject, by the production of the bonds or otherwise.

The demurrer to the bill was properly sustained, and the decree is therefore affirmed.

*Decree affirmed.*